In The United States District Court
For The Western District of Pennsylvania

2:22-CV-1528

Patricia A. Scott,
   Plaintiff,

  vs

St Moritz Security
Services Inc,
   Defendant.

RECEIVED

OCT 2 8 2022

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

(1). Patricia A. Scott reside at 1842 Washington Street, #304, Phone Number 412-980-4399, Heidelberg, Pennsylvania 15106.

(2). Saint Moritz Security Services Inc, Phone Number 412-885-8654, Corporate office Address: 4600 Clairton Boulevard, Pittsburgh, PA 15236.

(3). Title 42 U.S. Code 12182 Public Accommodations Violations.

(4) Defendants (Name) St. Moritz Security Servicers, Inc is under, the Laws of the State of Pennsylvania

and has its principal place of
Business in Pittsburgh.

(5). Violations of Title 42 U.S. Code
12182 of Public accommodations.

(6). Ever since, plaintiff has been con-
fined to her mobilized wheelchair, she
have limitations on her physical ac-
tivities. One time, she made request
for public accommodations but the
Security check point guard became
extremely hostile tward plaintiff
and she trew the Security check
point basket at her.
                    She was not hurt nor was there
any damages done to her wheelchair.
Thereafter, she has been denied
access to public accommodations
because the Security Check point
counter Top is too high and its
very difficult for her to reach

from her wheelchair. Plaintiff
contacted the downtown sheriffs
department! A sheriffs deputy en-
forced the law for the basket to
be lowered but she quickly jerk it
away.

Afterwards, she felt discomfort in
her body. The unruly security guards
began retaliating against Plaintiff.
She contacted the downtown sheriffs
department against but this time She
was informed that the sheriffs depart-
ment didn't have any jurisdiction
over St Moritz security services Inc.
He stated that plaintiff needed an
attorney.

Disability Discrimination (i).
7. On August 15, 2022, She entered into
the City County Building located at
414 Grant Street, Pittsburgh, PA
15219. Thereafter, when it was her

turn she immediately detect bias against a disabled visitor. The security checkpoint counter top is too high for her to place her personal belongings inside of the security basket. Plaintiff made several requests for the on duty security checkpoint guard to please lower the basket to accommodate her but intend, of assisting a senior citizen who is handicapped the security guard made unreadable demands for plaintiff to reach the basket by herself to put her own items inside of it. The checkpoint security guard was very disrespectful and lawless.

## Disability Discrimination (ii)

8. Once against, on September 13, 2022, plaintiff entered into the City County Building located at 414 Grant Street, Pittsburgh, PA 15219. After that time, she made a request for public accommodation. The on duty security guard declined to lowered the security check basket to help plaintiff place her personal belongings inside of the security checkpoint basket.

## Disability Discrimination (iii)

9. One more time, on October 3, 2022, plaintiff entered into the City County Building located at 414 Grant Street, Pittsburgh, PA 15219. The security checkpoint counter top is high and with the basket placed on it plaintiff was physically unable to place her personal belongings inside of it.

She entreated the security check point guard to give her a helping hand but she refused to let down to her hand reach so she would've placed her personal belongings inside of the security check basket.

10. These disabilities discrimination occurred when plaintiff was physical unable to reach the high security check point basket to place her personal belongings inside of it. And, she wasn't permitted to use ADA customers service lower security basket for disabled person

ALSO, she was reprimanded and she was verbally attacked. Not only that, but she is a senior citizen who is handicapped. Likewise, she was also

deprived of using public accommodations. Additionally, she treated differently from visitors that was standing and walking. Plus, she was repeatedly harassed. Furthermore, she was rebuked by the security check points guards. On top of that, plaintiff was emotional and verbal abused.

Title 42 U.S. Code 12 182 -
Prohibition of discrimination by Public accommodations

11. Pursuant to 42 U.S. Code 12182 (a), (B)
(a) General Rule, No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the good, services, facilities, privileges, advantages, or accommodation by any person who owns (leases for leases to) or operates a place of public accommodation.

Pursuant to 42 U.S. Code 12182 - Prohibition of discrimination by public accommodation.

(B). Integrated Setting. Good, Services, facilities, privileges, advantages, and accommodation shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

## Disability Discrimation (i)

12. On August 15, 2022, plaintiff entered into the City County Building located at 414 Grant Street, Pittsburgh, PA 15219. Thereafter, when it was her turn she immediately detect bias against a disabled vistor. The Security check point counter top is high for her to place her personal belongings inside of the Security basket.

Plaintiff made several requests for the on duty security check point guard to please lower the basket to accommodate her but intend of assisting a senior citizen who is handicapped the security guard made unreadable demands for plaintiff to reach the basket by herself to put her own items inside of it. The check point security guard was was very disrespectful and lawless.

## Disability Discrimation (ii)

13. Once against, on September 13, 2022, plaintiff entered into the City County Building located at 414 Grant Street, Pittsburgh, PA 15219. After that time she made a request for public accommodation. The on duty security guard declined to lowered the security check basket to help plaintiff place her

personal belongings inside of the Security checkpoint basket.

## Disability Discrimation (iii)

14. One more time, on October 3, 2022, plaintiff entered into the city County Building located at 414 Grant Street, Pittsburgh, PA 15219. The security checkpoint counter top to high and with the basket placed on it plaintiff was physically unable to place her personal belongings inside of it.

She entreated the security check point guard to give her a helping hand, but she refused to let it down to her hand reach so she would've placed her personal belongings inside of it. And she wasn't permitted to use ADA customers services lower security basket for a disabled person.

15. Also, she was reprimand and she was verbally attacked. Not only that, but she is a senior citizen who is handicapped. Likewise, she was also deprived of using public accommodations. Additionally, she was treated differently from visitors that was standing and walking. Plus, she was repeatedly harassed. Furthermore, she was rebuked by the security check point guards. On top of that, plaintiff was emotional and verbal abused.

## Age Discrimination

16. Plaintiff is a elderly person! She has a physical impairment. More than that, she was treated unfairly because of her age, which is another violation of pennsylvania elderly abuse law. She was subject to an adverse age action; that substantially

younger persons was not yelled at nor were they harassed. Plaintiff believe she was sought out from which she was deprivation, of using public accommodations, that she was a qualified wheelchair bound customer to use the lower ADA security check point basket to place her person or belongings inside of it which she was rejected.

Pursuant to U.S. Code 12182 Prohibition of discrimination by public accommodation

17. (a) General Rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the good, service, facilities privileges, advantages, or accommodation of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation.

(b). Construction

(1). General Prohibition

(A) Activities

(i). Denial of participation

It shall be discriminatory to subject an individual or class of individuals on the bases of disability or disabilities of such individual or class, directly, or through contractual, licensing or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to others individuals.

(iii) Separate benefit,

It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities

of such individual or class, directly, or through contractual, licensing, or other arrangement with a good, services facility privilege, advantage, or accommodation that is different or separate from that provided to other individual, unless such action is necessary to provide the individual or class of individuals with good service facility, privilege, advantage, or accommodation or other opportunity that is as effective as that provided others.

# Pray for Relief

Plaintiff seek relief for a lower alternate special design customer service ADA counter top to accommodate wheelchair users to be inside the city county Building located at 414 Grant Street, Pittsburgh, PA 15219.

Plaintiff seek relief for the St. Moritz Security Services Inc, Security check point guards to restrains from there discriminatory perjudical treatments toward guest with physical impairments.

# Conclusion

Accordingly, for all of the forgoing reasons, plaintiff reverence request that this court grant her pray for relief and such others reliefs that this Court deems to be appropriate in her Civil Complain.

Respectfully Submitted

Patricia A. Scott "Prose"
1842 Washington Street #304
Heidelberg, PA 15106
412-980-4399
Dated for October 14, 2022
By: Patricia A. Scott "prose"